# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2021

Lyle W. Cayce
Clerk

No. 21-30092
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GERARD LAWLESS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-50-1

Before OWEN, *Chief Judge*, and SOUTHWICK and WILSON, *Circuit Judges*.

PER CURIAM:*

Gerard Lawless appeals his above-guidelines sentence of 81 months of imprisonment imposed by the district court following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30092

§§ 922(g)(1) and 924(a)(2). Lawless challenges the district court's imposition of an upward departure under U.S.S.G. § 4A1.3(a)(1) and the district court's denial of a downward variance.

In reviewing an upward departure, we evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted). Likewise, we review a district court's denial of a downward variance for abuse of discretion. *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020).

The district court did not abuse its discretion in imposing an upward departure under § 4A1.3(a)(1). The record shows that the district court expressly determined that Lawless's initial guidelines range of 46 to 57 months of imprisonment underrepresented the seriousness of Lawless's criminal history or his likelihood of recidivism. *See* U.S.S.G. § 4A1.3(a)(1), p.s. The district court detailed at sentencing Lawless's multiple prior convictions and offenses committed while under parole supervision as the basis for its decision to impose the upward departure under § 4A1.3(a)(1). The upward departure was justified, as the district court found that (1) the instant offense was Lawless's third firearm-related offense; (2) Lawless had numerous felony convictions, including those for firearm-related offenses and drug-related offenses; (3) Lawless committed the instant offense, as well as some of his prior offenses, while under parole supervision; (4) Lawless had an extensive criminal history that started when he was 17 years old and continued to commit offenses throughout his adult life; and (5) considering Lawless's extensive and continuous criminal history and commission of offenses while under parole supervision, Lawless's likelihood of recidivism was great. Furthermore, the district court's reasons for departing advance the objectives of 18 U.S.C. § 3553(a)(2) and are justified by the facts of this case. *See Zuniga-Peralta*, 442 F.3d at 347-48.

No. 21-30092

As to Lawless's contention that the district court abused its discretion by denying him a downward variance, nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The record shows that the district court did consider Lawless's argument for a downward variance, along with his personal history and characteristics, and nevertheless concluded that the seriousness of the instant offense, Lawless's history and characteristics, the need for adequate deterrence, and the need to protect the public from Lawless's further crimes warranted the denial of Lawless's request for a downward variance. We give deference to the district court's sentencing decision based on the § 3553(a) factors. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Lawless's disagreement with the balancing of the factors is not a sufficient basis for reversal. *See Douglas*, 957 F.3d at 609-10. Lawless has not demonstrated that the district court abused its discretion and imposed a substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is AFFIRMED.